T.C. Summary Opinion 2003-36

UNITED STATES TAX COURT

GUY NATHANIEL GAY, JR., Petitioner, AND
KIMBERLY S. GIBSON, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3241-01S.                    Filed April 17, 2003.

Guy Nathaniel Gay, Jr., pro se.

Kimberly S. Gibson, pro se.

<u>James R. Rich</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,

subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $7,746, and an accuracy-related penalty of $1,549, for the taxable year 1998. The sole issue for decision is whether petitioner is entitled to relief from joint and several liability for the deficiency and penalty pursuant to section 6015.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Wilson County, North Carolina, on the date the petition was filed in this case.

Petitioner is a college graduate and is an executive vice president of Reliant Management Group, a management fund that works with criminal justice programs. During the year in issue, petitioner's primary employment was initially at the North Carolina Department of Corrections as the head of probation and parole in Wake County, and later at a management firm called Civigenics, Inc. He received from these employers taxable wages of $14,898 and $35,613, respectively. Federal income taxes were withheld by both of these employers. In addition, petitioner received compensation from various other sources totaling $10,048.

Intervenor is currently a legal secretary with a private law firm. During the year in issue, intervenor's primary employment was as a court reporter for the Superior Court of the State of North Carolina. As compensation for this employment, intervenor earned both wages and nonemployee compensation. The wages she earned in 1998, totaling $27,302, were reported on a Form W-2, Wage and Tax Statement. In addition to these wages, intervenor received nonemployee compensation from the State as well as from private attorneys in connection with her preparation of transcripts. The State paid her $14,399.85 during 1998 and reported this amount on a Form 1099-MISC, Miscellaneous Income. One law firm paid her $2,595 and another law firm paid her $805; both of these amounts were also reported on Forms 1099-MISC. Finally, various attorneys paid her amounts totaling $2,494 which were not reported on any form. No Federal income taxes were withheld from the nonemployee compensation which the State paid to intervenor.

Petitioner and intervenor were married in 1990, they separated in 1996, and they reconciled in October 1998. During 1998, the year in issue, petitioner resided with intervenor from October through December. They separated permanently in February 2000, and they were divorced pursuant to a May 11, 2001, order by the General Court of Justice, District Court Division, Wake County, North Carolina. As the result of a settlement

conference, petitioner and intervenor entered into an agreement on July 9, 2001. This agreement provided that

> Defendant [intervenor] shall assume full financial responsibility and shall pay the 1998 income tax liability, penalties and interest which currently total approximately $10,500.00. Defendant shall indemnify Plaintiff [petitioner] and shall hold him harmless for the payment of said tax liability.

This provision was incorporated into an Equitable Distribution Consent Order and Judgment filed by the State court on May 17, 2002.

Petitioner and intervenor filed a joint Federal income tax return for taxable year 1998. The return was prepared by a return preparer, Jay Martin, before it was signed by petitioner and intervenor. Mr. Martin was an acquaintance of intervenor and primarily dealt with her rather than petitioner in preparing the return. Due to an error by Mr. Martin, the $14,399 earned by intervenor in 1998 was not reported on the return. For an unknown reason, the $805 in income which intervenor earned in 1998 and which was reported on a Form 1099-MISC also was not reported on the return. Neither petitioner nor intervenor thoroughly reviewed the return, and neither corrected the omitted items of income, prior to signing the return.

Only what appears to be a portion of the statutory notice of deficiency is in the record. The notice recites the following items of income as nonemployee compensation paid to petitioner and intervenor:

```
Paid to intervenor:
     NC Admin. Office of the Courts      $14,399
     Smith Anderson, et al.                 805
     Twiggs Abrams Strickland & Trehy     2,595
Paid to petitioner:
     Educational Testing Service            454
     National Institute of Corrections    1,650
```

The calculation of the amount of the deficiency appearing in the notice of deficiency is not in the record.  Respondent concedes that both of the amounts paid to petitioner and the $2,595 amount paid to intervenor were in fact reported on their return. Respondent asserts, and petitioner does not dispute, that the amounts listed in the notice as having been paid to petitioner were not taken into account in the calculation of the deficiency. These amounts are therefore not at issue.  Because the $2,595 item, which was taken into account in the calculation, has been conceded by respondent, the only adjustments remaining at issue are the $14,399 and $805 items of unreported income paid to intervenor.  The accuracy-related penalty determined by respondent was for a substantial understatement of income tax under section 6662(d)(1).

After the issuance of the notice of deficiency, petitioner submitted a Form 8857, Request for Innocent Spouse Relief, to the Internal Revenue Service requesting relief pursuant to section 6015.  Although no notice of determination appears in the record, respondent states that relief has been denied under section 6015(b), (c), and (f).

Spouses who file a joint Federal income tax return generally are jointly and severally liable for the payment of the tax shown on the return or found to be owing. Sec. 6013(d)(3); Cheshire v. Commissioner, 115 T.C. 183, 188 (2000), affd. 282 F.3d 326 (5th Cir. 2002). However, relief from joint and several liability is available to certain taxpayers under section 6015. There are three avenues for relief under this section--section 6015(b), (c), and (f).

The first avenue for relief is section 6015(b). This provision provides full or apportioned relief from joint and several liability for an understatement of tax on a joint return if, among other requirements, the taxpayer requesting relief "establishes that in signing the return he or she did not know, and had no reason to know" of the relevant portion of the understatement of tax on the return. Sec. 6015(b)(1)(C), (b)(2). Generally, the spouse seeking relief has reason to know of the understatement if he has reason to know of the transaction that gave rise to the understatement. Jonson v. Commissioner, 118 T.C. 106, 115 (2002).

The second avenue for relief is section 6015(c). This provision provides proportionate relief through allocation of a deficiency between individuals who filed a joint return and who are no longer married, who are legally separated, or who have been living apart for the preceding 12 months. Among other

limitations, relief under section 6015(c) with respect to an item giving rise to all or a portion of a deficiency is not available to a taxpayer who had actual knowledge of that item. Sec. 6015(c)(3)(C). A taxpayer has actual knowledge of an item if he has:

> an actual and clear awareness (as opposed to reason to know) of the existence of an item which gives rise to the deficiency (or portion thereof). In the case of omitted income * * * the electing spouse must have an actual and clear awareness of the omitted income. * * *

Cheshire v. Commissioner, supra at 195.

Petitioner admits that he knew what intervenor's employment was during 1998, and that he knew that she derived a significant amount of income from that employment both in the form of wages and in the form of separate payments made by the State and private attorneys for the preparation of transcripts. In fact, petitioner stated in his request for section 6015 relief that "I find especially hard to believe she [intervenor] would not report the part time monies earned from the AOC as this was her primary employer and also the amount earned was over $14,000.00." We therefore find that petitioner had actual knowledge of the omitted income. Id. Consequently, he is not entitled to relief pursuant to section 6015(b) or (c). Sec. 6015(b)(1)(C), (b)(2), (c)(3)(C).

The third avenue for relief under section 6015 is the equitable relief which may be afforded by section 6015(f). This

relief is available to taxpayers who are not otherwise entitled to section 6015 relief if, taking into account all the facts and circumstances, it is inequitable to hold the taxpayer liable for any unpaid tax or deficiency (or portion thereof). Sec. 6015(f)(1) and (2). Because equitable relief is discretionary, we review the Commissioner's denial of relief for an abuse of his discretion. Cheshire v. Commissioner, supra at 198. The Commissioner's exercise of discretion is entitled to due deference; in order to prevail, the taxpayer must demonstrate that in not granting relief, the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Mailman v. Commissioner, 91 T.C. 1079, 1082-1084 (1988).

As directed by section 6015(f), the Commissioner has prescribed procedures in Revenue Procedure 2000-15, 2000-1 C.B. 447, that the Commissioner will use in determining whether an individual qualifies for relief under that section. Section 4.03 of the revenue procedure lists several nonexclusive factors to be considered in determining eligibility for relief. In his trial memorandum, respondent explained his application of these factors in the present case as follows:

> The factors favoring the granting of relief to petitioner herein are: (1) petitioner is divorced from Kimberly; (2) Kimberly is under an obligation to pay the liability; and (3) the liability for which relief is sought is solely attributable to Kimberly.

The factors weighing against relief are: (1) petitioner had knowledge of the omitted income giving rise to the deficiency, an extremely strong factor, and (2) petitioner will not suffer economic hardship if relief is not granted.

Respondent did not abuse his discretion in determining that relief should not be granted to petitioner. The overriding factor which weighs against the granting of relief is petitioner's knowledge of the items giving rise to the understatement.

An important factor in this case is that the deficiency and penalty are solely attributable to intervenor in that the unreported income was earned solely by her. Furthermore, intervenor most likely derived the primary benefit from this income and from an initial lack of payment of taxes with respect thereto: Intervenor and petitioner were separated for 9 months during 1998 and, while petitioner had Federal income taxes withheld from his income, intervenor had nothing withheld from the unreported income.

The most important factor in this case is intervenor's legal obligation under the North Carolina court's order to either directly pay the 1998 Federal tax liability or indemnify petitioner for his payment thereof. We note that this Court is not being called upon to discern intervenor's legal obligations under the North Carolina court order because neither respondent nor intervenor disputes the fact that intervenor is legally obligated to pay the deficiency in this case. Furthermore,

neither respondent nor intervenor assert that intervenor lacks the ability to fulfill her legal obligation.

Contrary to respondent's determination, we find that the above factors favoring equitable relief clearly outweigh the fact that petitioner had actual knowledge of the unreported income. Under the circumstances of this case, we find that it was an abuse of discretion for respondent to deny petitioner relief from liability for the deficiency and penalty pursuant to section 6015(f).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.